UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MARCIA L. HARDEN and LAURA L. HARDEN,**<br><br>                              Plaintiffs,<br>    -vs-<br><br>**REDLINE RECOVERY SERVICES, LLC,**<br><br>                              Defendant. | *Civil Action No.* _____ |

## COMPLAINT & DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiffs Marcia L. Harden and Laura L. Harden bring this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since Defendant Redline Recovery Services, LLC transacts business here and the conduct complained of occurred here.

### PARTIES

4. Plaintiff Marcia L. Harden (hereinafter "Marcia Harden") is a natural person residing in the County of Monroe, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).  Marcia Harden is the mother of Laura L. Harden.

5. Plaintiff Laura L. Harden (hereinafter "Laura Harden") is a natural person residing in the County of Monroe, State of New York.  Laura Harden is the daughter of Marcia Harden.

6. Defendant Redline Recovery Services, LLC, (hereinafter "Redline Recovery") is an active foreign limited liability company organized and existing under the laws of the State of Georgia and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

8. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

## FACTUAL ALLEGATIONS

9. That Plaintiff Marcia Harden is alleged to have incurred and later defaulted on a debt to Sallie Mae, which she disputes. Said alleged debt will hereinafter be referred to as "the subject debt" and shall at all times remain disputed by Plaintiff Marcia Harden.

10. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

11. That upon information and belief, Defendant Redline Recovery was employed by Sallie Mae in order to collect payment of the subject debt allegedly owed by Plaintiff Marcia Harden.

12. That shortly thereafter, Defendant Redline Recovery began calling the home of Plaintiff Laura Harden one (1) to two (2) times per day, presumably in an attempt to collect payment of the subject debt from Plaintiff Marcia Harden.

13. That on every instance in which Defendant Redline Recovery left a message on Plaintiff Laura Harden's answering machine, Defendant would identify itself as "Student Assistance" and thereafter request a return telephone call.

14. That having returned one of these telephone calls at the telephone number provided, it was determined that said telephone number belonged to Defendant Redline Recovery, as the call was forwarded to an automated answering system of the same.

15. That upon information and belief, Plaintiff Laura Harden was called by Defendant Redline Recovery for a several month period of time.

16. That as the telephone calls to Plaintiff Laura Harden's telephone began to die down, Defendant Redline Recovery began calling the home of Plaintiff Marcia Harden multiple times per week, often multiple times per day, in an attempt to collect payment of the subject debt.

17. That during one of the first telephone calls received by Defendant Redline Recovery, the same left a message for Plaintiff Marcia Harden on her answering machine. Said message directed said Plaintiff to call Defendant to "make it easy on [herself]" and that if said Plaintiff didn't call Defendant, she would only be "mak[ing] it hard on [herself]."

18. That on or about May 11, 2010, Defendant Redline Recovery called Plaintiff Marcia Harden's neighbor, "Gene." At that time, Defendant notified "Gene" that it was "very important" that he contact Plaintiff Marcia Harden in person and have her call "Krista" at the telephone number provided "immediately."

19. That in accordance with the instructions given to him by Defendant Redline Recovery, "Gene" hurried to Plaintiff Marcia Harden's home and delivered the Defendant's message, along with a hand-written note confirming the same. At that time, Gene made several inquiries to said Plaintiff as to the possible purpose for the call, explaining that "Krista" had given him the impression that she was a family member in trouble. At that time, Gene also expressed his concern because of the great sense of urgency that was portrayed to him by Defendant.

20. That upon being confronted by her neighbor Gene with the aforementioned message and realizing that Defendant Redline Recovery had requested a neighbor of hers to deliver a "very important" message to her home, Plaintiff Marcia Harden became very upset.

21. That during the course of a subsequent telephone conversation shared with Plaintiff Marcia Harden, Defendant Redline Recovery was informed that said Plaintiff disputed the subject debt and wanted the calls to stop because they exacerbated her medical conditions. However, Defendant simply persisted to demand payment, declared that it was fully aware that said Plaintiff possessed "great credit with [her] bank" and possessed a "home equity loan" and therefore could pay, and even thereafter suggested that it would merely obtain payments "involuntarily" if Plaintiff refused to do so willingly.

22. That upon speaking with the Defendant and hearing it's various aforementioned representations, Plaintiff Marcia Harden became extremely worried that her property or available credit would be taken against her will in order to pay the disputed subject debt.

23. That in spite of the telephone conversation described above, Defendant Redline Recovery called and spoke with another of Plaintiff Marcia Harden's neighbors, "Thatcher." As with said Plaintiff's other neighbor, Gene, Thatcher was directed by Defendant to personally deliver a "very important" message to Plaintiff Marcia Harden to "immediately" call "Krista."

3

24. That in accordance with Defendant Redline Recovery's request, Thatcher immediately delivered a hand-written message to Plaintiff Marcia Harden.

25. That upon being approached by yet another neighbor with a message from Defendant Redline Recovery, even after having spoken with the same herself, Plaintiff Marcia Harden became even more upset and embarrassed.

26. That up to and including the date of this filing, Defendant Redline Recovery has continued to call Plaintiff Marcia Harden's home multiple times per week in order to collect the subject debt, despite said Plaintiff's requests that such calls be stopped and the fact that Defendant was made aware that such calls caused her to experience exacerbation of her pre-existing conditions.

27. That as a result of Defendant's abusive, harassing and otherwise unlawful conduct, Plaintiff Laura Harden became extremely frustrated, aggravated, angered and suffered from emotional distress.

28. That as a result of Defendant's abusive, harassing and otherwise unlawful conduct, Plaintiff Marcia Harden became extremely upset, embarrassed, worried, suffered from emotional distress and experienced exacerbation of her medical conditions.

## CAUSE OF ACTION

29. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

30. Defendant violated 15 U.S.C. §1692b(1) and 15 U.S.C. §1692c(b) by failing to limit the subject of their communications with "Gene" and "Thatcher" to obtaining location information by requesting said neighbors to hand-deliver messages to Plaintiff Marcia Harden and by informing said neighbors that the Defendant was calling regarding a "very important" matter that needed Plaintiff to call "immediately."

31. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse Plaintiff by:
    a. Telling Plaintiff Marcia Harden call Defendant in order to "make it easy on [herself]" and that if said Plaintiff didn't call Defendant, she would only be "mak[ing] it hard on [herself]."
    b. Notifying Plaintiff via her neighbor "Gene" that it was "very important" that she call "Krista" at the telephone number provided by Defendant "immediately."

4

    c. Declaring that Defendant was fully aware that Plaintiff Marcia possessed "great credit with [her] bank" and possessed a "home equity loan" and therefore could pay, and by suggesting that Defendant would merely obtain payments "involuntarily" if said Plaintiff refused to do so willingly.

    d. Informing Plaintiff Marcia Harden, via her neighbor Thatcher, that it was "very important" that she "immediately" call "Krista."

32. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f by using unfair and deceptive practices in an attempt to collect the subject debt by creating a false sense of immediacy on the situation, misleading neighbors to believe that family issues required their personal delivery of messages to Plaintiff Marcia Harden and by leading Plaintiff Marcia Harden to believe that Defendant would "involuntarily" obtain payment of the debt by reciting her credit information.

33. Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by attempting to collect an amount that was not permitted by law or agreement.

34. Because of Defendant's abusive, harassing and otherwise unlawful conduct, Plaintiff Laura Harden became extremely frustrated, aggravated, angered and suffered from emotional distress.

35. Because of Defendant's abusive, harassing and otherwise unlawful conduct, Plaintiff Marcia Harden became extremely upset, embarrassed, worried, suffered from emotional distress and experienced exacerbation of her medical conditions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this honorable Court enter judgment against the Defendant for:

    (a) Actual damages per Plaintiff, pursuant to 15 U.S.C. §1692k(a)(1);

    (b) Statutory damages of $1,000.00 per Plaintiff, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    (c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

    (d) For any and all additional relief as this honorable Court may deem just and proper.

## JURY DEMAND

Please take notice that Plaintiffs demand a trial by jury in this action.

Date: June 9, 2010

/s/ Frank J. Borgese
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiffs*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
fborgese@grahamlawpc.com
716.200.1520